**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNESTO MORALES-LOPEZ, | No. 13-71935 |
| Petitioner, | Agency No. A094-812-289 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:      CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Ernesto Morales-Lopez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision ("IJ") denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including claims of due process violations, and review for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

We reject Morales-Lopez's claim that the IJ violated his due process rights by not allowing his witness to testify. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Morales-Lopez argues we should import the regulatory definition of an "arriving alien," 8 C.F.R. § 1001.1(q), into the statutory provision setting forth the one-year time limit for filing an asylum application, 8 U.S.C. § 1158(a)(2)(B). However, the term "arriving alien" does not appear anywhere in the language of section 1158(a)(2)(B) and is therefore irrelevant in interpreting that provision.

Because Morales-Lopez's asylum application was untimely, it is statutorily barred unless he can demonstrate the existence of changed circumstances that materially affected his eligibility for asylum. *See* 8 U.S.C. § 1158(a)(2)(B), (D). The record does not compel the conclusion that Morales-Lopez established such circumstances to excuse his untimely filing. *See id.*; *see also Al Ramahi v. Holder*, 725 F.3d 1133, 1138-39 (9th Cir. 2013) (delay in filing was not reasonable under all the circumstances). Thus, we deny the petition for review as to asylum.

13-71935

Substantial evidence supports the BIA's conclusion that Morales-Lopez failed to establish it is more likely than not he will be persecuted in Guatemala on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (applicant must prove a protected ground was or will be a cause of the persecutors' acts); *Castro-Martinez v. Holder*, 674 F.3d 1073, 1082 (9th Cir. 2011) ("[g]eneralized economic disadvantage does not rise to the level of persecution" on account of a protected ground). We reject Morales-Lopez's contentions that the BIA erred in finding he did not meaningfully raise, and therefore waived, his claims based on his father and brother's former political affiliations. Thus, Morales-Lopez's withholding of removal claim fails. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1180 (9th Cir. 2004).

Finally, substantial evidence also supports the denial of Morales-Lopez's CAT claim because he failed to establish it is more likely than not he would be tortured if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject his contentions that the BIA's analysis was improper or insufficient. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (BIA adequately considered evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**